UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SABRINA BECERRA, et al.

      Plaintiffs,

vs.                               Case No.:  02-2492-DJW

UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY/KANSAS CITY, KANSAS, et al.

      Defendants.

**MEMORANDUM AND ORDER**

Pursuant to the mandate issued by the Tenth Circuit Court of Appeals reversing and remanding this case for further action[1], the Court grants summary judgment in favor of Defendant on Counts II, III and IV of the Complaint and hereby dismisses Plaintiffs' 42 U.S.C. §1983 claims.

In light of this dismissal, the only surviving claim in this lawsuit is Plaintiffs' state law wrongful death claim brought pursuant to the Kansas Tort Claims Act ("KTCA"). Defendant argues the Court should exercise supplemental jurisdiction over this claim. Plaintiffs argue the Court should decline to exercise supplemental jurisdiction so that they can refile the claim in state court.

Pursuant to 28 U.S.C. § 1367(c)(3), a district court has discretion to decline to exercise supplemental jurisdiction once it has dismissed the claims over which it had original jurisdiction.[2] Now that Plaintiffs' federal law claims have dropped from the case, their state law

---

[1] *See* doc. 173.

[2] *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1492 (10th Cir. 1995) (approving district court's dismissal of state-law conversion and breach of contract claims where defendants obtained summary judgment on plaintiff's gender discrimination claim).

claims are no longer supplemental to any federal question claim.[3] "Under those circumstances, the most common response to a pretrial disposition of federal claims has been to dismiss the state law claim or claims without prejudice."[4] This is because "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."[5]

Upon consideration of the arguments presented by counsel in both the briefing related to issue, as well as the July 25, 2006 telephone status conference held with regard to this issue, the Court finds no compelling reason for continuing federal jurisdiction in this matter and concludes judicial economy and fairness to the parties point strongly in favor of state court, rather than federal court, resolution of the remaining state law claim.[6] Accordingly, the Court will decline to exercise jurisdiction over the remaining state law claim.

To that end, the Court notes that Plaintiffs will be free to pursue their claims in a Kansas court because, even if the statute of limitations would otherwise have run, 28 U.S.C. § 1367(d) tolls the statute of limitations during the time the claim is pending and affords them at least thirty days from a current federal court dismissal to commence a new action in the state court.[7] In this

---

[3] *See Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (remanding state tort claims upon dismissal of plaintiffs' Title VII claim for sexual harassment).

[4] *Id.*

[5] *See Thatcher Enters. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

[6] *See Ball*, 54 F.3d at 669.

[7] 28 U.S.C. § 1367(d). *Cf. Jinks v. Richland County, S.C.*, 538 U.S. 456, 466-67 (2003) ("no constitutional doubt arises from holding that [a] claim against . . . a political subdivision of a State falls under the definition of 'any claim asserted under subsection (a).' "). Kansas's "saving statute," K.S.A. 60-518, affords a plaintiff six months to commence a new action if a previous timely action failed "otherwise than upon the merits." Examples of such failures include dismissal without prejudice. *See Rogers v. Williams, Larson, Voss, Strobel & Estes*, 245 Kan. 290, 777 P.2d 836, 839 (Kan. 1989). If applicable, this time frame controls over the 30-day tolling period in 28 U.S.C. § 1367(d).

case, because discovery is complete, the Court conditions dismissal on use of all discovery in any subsequently filed state court case.

It is therefore ordered by the Court that summary judgment in favor of Defendant is granted as to Counts II, III and IV of the Complaint and all Plaintiffs' 42 U.S.C. § 1983 claims are hereby dismissed with prejudice.

It is further ordered by the Court that because the Court declines to exercise supplemental jurisdiction in this case, Plaintiffs' state law claim is dismissed without prejudice.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 9th day of August, 2006.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

cc:   All counsel and *pro se* parties